## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **JENNIFER WOODBURN,** individually and on behalf of all others similarly situated, | Case No. |
| | **CLASS ACTION** |
| *Plaintiff*, | **DEMAND FOR JURY TRIAL** |
| *v.* | |
| **SOLIDQUOTE LLC**, a Delaware limited liability company, | |
| *Defendant.* | |

## <u>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff Jennifer Woodburn ("Plaintiff" or "Woodburn") brings this Class Action Complaint and Demand for Jury Trial against Defendant SolidQuote LLC, ("Defendant" or "SolidQuote") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making telemarketing calls using pre-recorded voice messages *without consent* to consumers, including to consumers who registered their phone numbers on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1.     Plaintiff Jennifer Woodburn is a resident of Las Vegas, Nevada.

2.     Defendant SolidQuote LLC is a Delaware limited liability company with its principal place of business in Aurora, Colorado. Defendant SolidQuote conducts business throughout this District, Nevada, and the U.S.

## JURISDICTION AND VENUE

3.     This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.     This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, and the wrongful conduct giving rise to this case was directed from this District.

## INTRODUCTION

5.     As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

7.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."  *Id*.

8.     Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

9.     According to online robocall tracking service "YouMail," 4 billion robocalls were placed in May 2022 alone, at a rate of 128.7 million calls per day. www.robocallindex.com (last visited June 21, 2022).

10.     The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018.  FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

12.    "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

13.    Defendant SolidQuote LLC generates and sells leads of potential consumers to insurance providers throughout the U.S.

14.    Defendant SolidQuote gathers personal information from the consumers to offer insurance quotes to the consumers, and to forward the qualified consumer leads to insurance providers.

15.    Defendant uses automated systems to send outbound telephonic sales calls, including calls using pre-recorded voice messages, to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are registered on the National Do Not Call list, seeking information to solicit insurance quotes to consumers.

16.    Multiple consumers have posted complaints online about receiving unwanted solicitation calls from Defendant SolidQuote, including consumers whose

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

phone numbers were registered in the Do Not Call List, and consumers who received

pre-recorded calls from the Defendant, for instance:



3 https://www.bbb.org/us/co/aurora/profile/auto-insurance/solidquote-1296-90248670/customer-reviews
4 *Id.*
5 *Id.*
6 https://www.bbb.org/us/co/aurora/profile/auto-insurance/solidquote-1296-90248670/complaints

**Complaint Type:** Billing/Collection Issues    **Status:** Answered ⊙



09/01/2021

This company has repeatedly called my cellphone trying to sell me some type of insurance services. They have been told to stop many times. My number is on the do not call list, and they have ignored that fact. I have the last call recorded, and have requested to speak to their legal representation, but was ignored. At this point, the ONLY resolution I will accept, is contact from the company's attorney to resolve this matter. NO other resolution will be accepted.

7



03/10/2021

This company called my number despite being registered on the National Do Not Call Registry and the Texas Do Not Call Registry with out my written consent. This company called on 03/02/2021 from phone number *********** and I spoke with a representative and then she transferred me to another respresentative regarding insurance quotes. I've sent several emails which have not been read to this day. I have also sent them a priority letter mailed out on 03/03/2021 for violations of the TCPA rules for unsolicited calls. I have not received a response from that letter. This letter clearly states the company has 5 days to reply. The number *********** doesn't even allow you to speak with anyone.

8

**Complaint Type:** Advertising/Sales Issues    **Status:** Answered ⊙



02/09/2021

This company has called my number despite being registered on the Do Not Call list an with out my written consent. I've sent an email to them for violations of the TCPA rules for unsolicited calls. Upon receiving the email the company replied by showing me a fabricated opt-in that showed an IP address that was not mine (I know my IP). They refuse to acknowledge they are violating the TCPA and further, they are fabricating evidence that can easily be proven to be false.

9

**Complaint Type:** Advertising/Sales Issues    **Status:** Answered ⊙



09/21/2020

I was on the phone with a rep from this company and multiple times requested to be put on the Do Not Call list and the rep repeatedly just said, "I understand but..." and would continue to try to get my personal info to "get me car insurance quotes" instead of honoring my request immediately as the DNC requirements mandate.

10

Oct 24, 2019    PissedConsumer1689514 of Seattle, WA

## Swindlers pretending to give insurance quotes but actually they just harvest personal data

★☆☆☆☆  1.0

They run a scam site that coerces consumers who are shopping for insurance quotes to enter lots of personal data about themselves. They don't actually give any quote at all. They just harvest your data for exploitation and give links to insurance companies which then ask for the same information you already supplied to these swindlers. If you call them they hang up on you.

11

---

7 *Id.*
8 *Id.*
9 *Id.*
10 *Id.*
11 https://www.pissedconsumer.com/solidquote/RT-F.html

Mar 25, 2020   PissedConsumer1838592 of Woodbridge, NJ

### Please stop calling to Rolando Simon

Remove my name out off the list...please dont call me anymore..I dont need health Insurance   12

Jun 08, 2020   PissedConsumer1975210 of Chicago, IL

### IT REALLY IS A SCAM - DO NOT GIVE THEM INFO

THIS PLACE IS A SCAM. DO NOT GIVE THEM YOUR INFO. THEY FISH ALL YOUR INFORMATOIN AND THEN CONNECT TO ONE "BROKER" WHO I AM SURE IS A BROKER SINCE THEY NOT GIVE ME A QUOTE. I AM FILING A COMPLAINT WITH THE ATTORNEY GENERAL
User's recommendation: SCAM - DO NOT GIVE INFO.   13

May 12, 2022   PissedConsumer3568256 of Tampa, FL

### Harrassement

⭐ ☆ ☆ ☆ ☆   1.0

If they call me again, I will sue them.
FuuuuuLknaskcjndkjvnskjdvnekdjvnkjsdnckjsndnsdkjnsdkjvnkjsdnkjsdnkjnckjsdnkjsdn kjvknvefkjvndfkvndfkj ndfkjdfnkdfjnfvkjvfkjdkjdfjivnfkvjdfkj Kidd Kidd knocked fkjcn kdjcn kdcdkjn ducks ncdkj new k jndc kjcnd can kjcdn ckdcdkjn cdkj nice ndckj ncdkj Jans kjcnd kjdcnkjdcn kjcdn didnt kjdjk
User's recommendation: Run, run, run away.   14



**Tammy**
21 Jun 2017

Solidquote [dot] com calling to generate a lead to sell to an auto insurance agent. They use text messaging, shoauto.org, company refused to provide its address in San Antonio TX.
*Caller: Solid Quote*
*Call type: Telemarketer*   15



**Marie**
2 Feb 2021

Today I received a call from SolidQuote LLC, a Delaware LLC., selling leads for Medicare supplement coverage. Page created at 310-262-1053, so they're using "neighbor spoofing."
*Caller: Solidquote LLC*
*Call type: Telemarketer*   16

---

12 *Id.*
13 *Id.*
14 *Id.*
15 https://800notes.com/Phone.aspx/1-310-359-9126
16 *Id.*

7



17.     In response to these calls, Plaintiff Woodburn brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Classes and costs.

---

[17] https://800notes.com/Phone.aspx/1-707-287-9837
[18] https://800notes.com/Phone.aspx/1-720-903-3400
[19] https://800notes.com/Phone.aspx/1-770-212-3343

## PLAINTIFF WOODBURN'S ALLEGATIONS

18.     Plaintiff Woodburn is the subscriber and the sole user of the cell phone number ending with xxx-xxx-8212.

19.     Plaintiff Woodburn registered her cell phone number on the National Do Not Call Registry on June 19, 2019.

20.     In April 2022, Plaintiff Woodburn started receiving unsolicited telemarketing calls from Defendant SolidQuote using the phone number 512-883-2452 offering auto insurance quotes to her, using automated systems to place pre-recorded voice calls.

21.     On April 26, 2022, Plaintiff received three calls to her cell phone from the phone number 512-883-2452 before 8 AM. Plaintiff did not answer the calls, and received the following pre-recorded voicemails to her cell phone from Defendant SolidQuote soliciting auto insurance quotes to the Plaintiff:

- at 6:04 AM:



- at 6:11 AM:



- at 6:36 AM:



22. On April 28, 2022, at 9:49 AM, Plaintiff received another call from the Defendant using the same phone number 512-883-2452, which she did not answer. Plaintiff received a silent voicemail from the Defendant, strongly indicating the use of an automated dialer device to place the call.



23. On April 29, 2022, at 2:17 PM, Plaintiff received another call to her cell phone from Defendant SolidQuote using the same phone number 512-883-2452.

Plaintiff did not answer this call and received another pre-recorded voice message soliciting auto insurance options to the Plaintiff.



24.     On April 30, 2022, at 11:02 AM, Plaintiff received another call to her cell phone from Defendant SolidQuote using the same phone number 512-883-2452. Plaintiff did not answer this call and received another pre-recorded voice message soliciting auto insurance options to the Plaintiff.



25.     On calling this phone number, 512-883-2452, it is answered by the same automated voice message system as the pre-recorded voicemails received by Plaintiff Woodburn. On pressing 1, it connects the caller to Defendant SolidQuote's employee, soliciting auto insurance, who ask some qualifying questions to the consumers.

26.     The unauthorized telephonic sales calls that Plaintiff received from Defendant, as alleged herein, have harmed the Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

27.     Seeking redress for these injuries, Plaintiff Woodburn, on behalf of herself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits sending unsolicited telemarketing calls to cell phone numbers that are registered on the DNC.

## CLASS ALLEGATIONS

28.     Plaintiff Woodburn brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

**Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant SolidQuote called on their cellular telephone number (2) using an artificial or pre-recorded voice.

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant SolidQuote called more than one time, (2) within any 12-month period, (3) where the person's phone number had been listed on the National Do Not Call Registry for at least thirty days.

29.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff Woodburn anticipates the need to amend the Class definitions following appropriate discovery.

30.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

31.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Class.

Common questions for the Classes include, but are not necessarily limited to the following:

(a)     whether Defendant or its agents placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b)     whether Defendant placed multiple calls to Plaintiff and members of the Do Not Call Registry class without first obtaining consent to make the calls;

(c)     whether Defendant's conduct violated the TCPA; and

(d)     whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

32.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. The Plaintiff has no interests antagonistic to those of the Classes, and Defendant have no defenses unique to the Plaintiff. The Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither the Plaintiff nor her counsel have any interest adverse to the Classes.

33.     **Appropriateness**: This class action is also appropriate for certification because the Defendant have acted or refused to act on grounds generally applicable

to the Classes and as wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Woodburn. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Woodburn and the Pre-recorded No Consent Class)

34.     Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

35.     Defendant SolidQuote and/or its agents transmitted unwanted telephone calls to Plaintiff Woodburn and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

36.     These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Woodburn and the other members of the Pre-recorded No Consent Class.

37.     The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Woodburn and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Woodburn and the Do Not Registry Class)**

38.     Plaintiff repeats and realleges paragraphs 1 through 33 of this Complaint and incorporates them by reference.

39.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

40.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone

subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

41.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

42.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

43.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a)   An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b)   An award of damages and costs;

c)   An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)   An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e)   Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Woodburn requests a jury trial.

**JENNIFER WOODBURN**, individually
and on behalf of all others similarly situated,

DATED this 21st day of June, 2022.

By: /s/ *Stefan Coleman*
Stefan Coleman
law@stefancoleman.com
COLEMAN PLLC
66 West Flagler Street
Suite 900
Miami, FL 33130
(877)333-9427

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative*
*Classes*